# EXHIBIT "A"



# Service of Process Transmittal
10/28/2015
CT Log Number 528068275

| | |
|---|---|
| **TO:** | Pamela Phillips<br>Fidelity National Information Services, Inc.<br>601 Riverside Avenue<br>Jacksonville, FL 32204 |
| **RE:** | Process Served in California |
| **FOR:** | Chex Systems, Inc.  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ERICA SIMMONS, Pltf. vs. BANK OF AMERICA CORPORATION and Chex Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Complaint, Summons, Cover Sheet, Certificate(s), Notice(s) |
| **COURT/AGENCY:** | Riverside County - Superior Court - Riverside, CA<br>Case # RIC1512030 |
| **NATURE OF ACTION:** | Violation of Rosenthal Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/28/2015 at 11:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr.. #725<br>Beverly Hills, CA 90212<br>877-206-4741 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/28/2015, Expected Purge Date: 11/02/2015<br><br>Image SOP<br><br>Email Notification,  Kathy Hause  Kathy.Hause@fisglobal.com<br><br>Email Notification,  Pamela Phillips  pamela.phillips@fisglobal.com<br><br>Email Notification,  Lynn Cravey  Lynn.Cravey@fisglobal.com<br><br>Email Notification,  Crystal Warren  Crystal.Warren@FISGlobal.com |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / HG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 05 2015

L. Freeland

11:20
10/28/15

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF RIVERSIDE
## LIMITED JURISDICTION

ERICA SIMMONS,

    Plaintiff,

-vs-

BANK OF AMERICA CORPORATION AND
CHEX SYSTEMS, INC.,

    Defendant.

CASE NO.: RIC 1512030

COMPLAINT

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of the federal Fair Debt Collection Practices Act
3. Violation of Fair Credit Reporting Act
4. Violation of California Consumer Credit Reporting Agencies Act
5. Violation of the Business and Professions Code

(Amount Not to Exceed $25,000 but to Exceed $10,000)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681

1

(hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal Civ Code §1785.1, *et seq*, (hereinafter "CCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff, Erica Simmons ("Plaintiff"), is a natural person residing in RIVERSIDE County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h) and a "consumer" as defined by 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3) and Cal Civ Code §1785.3(b).

3. At all relevant times herein, Defendant, Bank of America Corporation ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due them, and therefore are "debt collectors" as defined by Cal Civ Code §1788.2(c) and 15 U.S.C. §1692a(6). Further, Defendant regularly provides information to consumer reporting agencies and is a "person" as defined by Cal Civ Code §1785.3(j).

4. At all relevant times herein, Defendant, Chex Systems, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore are "debt collectors" as defined by the RFDCPA, Cal Civ Code §1788.2(c) and 15 U.S.C. §1692a(6). Further, Defendant is a business entity that provides creates and maintains credit reports for consumers, available for consumers, creditors, and debt

collectors to grade/evaluate prospective lendees and is a consumer reporting agency as defined by the FCRA and a "person" as defined by Cal Civ Code §1785.3(j).

### III. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants reported derogatory information on Plaintiff's credit report. Defendants allege that Plaintiff still owes a past due balance. However, Plaintiff is informed, upon valid information and belief, that Plaintiff does not owe the debt.

6. Furthermore, Plaintiff never owed this debt. The debt was from charges that Defendant Bank of America Corporation identified as fraudulent. Despite this knowledge. Defendant Bank of American Corporation still attempted to collect on this debt and reported the derogatory information to Defendant Chex Systems, Inc.

7. Plaintiff not only paid off the alleged debt caused from the fraudulent charges in full, but informed both Defendants that these charges were fraudulent. In fact, an employee of Defendant Bank of America told Plaintiff that these charges were fraudulent.

7. On August 21, 2015, Plaintiff's counsel sent a notice of representation to Defendants. Defendants have responded to said notice.

8. RFDCPA § 1788.17 states, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j."

9. Defendant Bank of America's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

   c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

3

  d) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

  e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

  f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

10.  Defendant Chex Systems, Inc's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

  a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

  b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

  c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

  d) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

  e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

11.  Further, Defendant Bank of America Corporation has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f), including but not limited to Defendant Chex Systems, Inc.

12.  Defendant Bank of America Corporation is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information

4

to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13. Plaintiff has contacted Defendants requesting that the derogatory trade-lines be deleted.

14. Despite the foregoing, Defendants have disseminated information that the account that Plaintiff is liable for the debt and that Plaintiff is past due on paying on the debt, which Plaintiff has disputed.

15. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

17. After the dispute by Plaintiff, Defendants owed to Plaintiff a duty to assist in a re-investigation into the disputed facts that are being reported about Plaintiff.

18. Notwithstanding Plaintiff's efforts and Defendants' duties, Defendant Chex Systems, Inc. continued publishing the inaccurate information and Defendant Chex Systems, Inc. continued to publish and disseminate such inaccurate information to other credit reporting agencies.

19. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA and the CCRAA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

20. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

21. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

At all times pertinent hereto, the conduct of Defendants, as well as that of each of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

22. As a result of the above violations of the RFDCPA, FDCPA, CCRAA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

23. In engaging in these unlawful business practices, Defendants unfairly benefited from Plaintiff and provided him with nothing in return. In so doing, Defendants have violated the California Business and Professions Code.

///

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(Both Defendants)

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Defendant Chex Systems, Inc.)

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

27. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

///
///
///

7

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Both Defendants)

28. Plaintiff reincorporates by reference all of the preceding paragraphs.

29. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
(Both Defendants)

30. Plaintiff incorporates by reference all of the proceeding paragraphs.

31. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

32. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

33. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

8

34. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

35. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

### COUNT V: UNFAIR BUSINESS PRACTICES
(Both Defendants)

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above.

38. Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

39. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above,

thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

Plaintiff, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a) Actual damages;

(b) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 5th day of October, 2015.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**COPY**

**BY FAX**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA CORPORATION AND CHEX SYSTEMS, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERICA SIMMONS

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 0 5 2015

L. Freeland

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Riverside
4050 Main Street
Riverside, California 92501

CASE NUMBER: RIC 1512030

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: OCT 0 5 2015    Clerk, by **L FREELAND**, Deputy
*(Fecha)*                *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**COPY**

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Erica Simmons | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside, California 92501<br>BRANCH NAME: | |
| **CASE NAME:**<br>Erica Simmons v. Bank of America Corporation et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | RIC 1512030<br>JUDGE:<br>DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 5, 2015
Todd M. Friedman
*(TYPE OR PRINT NAME)*   ► *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**COPY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar Number and Address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO: 877-206-4741  FAX NO. (Optional): 866-633-0228
E-MAIL ADDRESS (Optional): tfriedman@attorneysforconsumers.com
ATTORNEY FOR (Name): Plaintiff, Erica Simmons

BY FAX

**FOR COURT USE ONLY**
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
OCT 05 2015
L. Freeland

PLAINTIFF/PETITIONER: Erica Simmons

DEFENDANT/RESPONDENT: Bank of America Corporation and Chex Systems, Inc.

CASE NUMBER: RIC 1512030

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92883

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 10/05/15

Todd M. Friedman
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____ (SIGNATURE)

Page 1 of 1
Local Rule 1.0015

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

CERTIFICATE OF COUNSEL

riverside.courts.ca.gov/localforms/localforms.shtml

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

## NOTICE OF ASSIGNMENT TO DEPARTMENT

SIMMONS VS BANK OF AMERICA

CASE NO. RIC1512030

This case is assigned to the Honorable Commissioner David E. Gregory in Department 11 for all purposes.

The Trial Setting Conference is scheduled for 04/04/16 at 8:30 in Department 11.

Department 11 is located in the Riverside Civil Division at 4050 Main Street, Riverside, CA 92501.

Mediation services will be provided at the Trial Setting Conference. All persons with case settlement authority are expected to attend the Trial Setting Conference.

Pursuant to recent amendments to California Rules of Court 3.720, the court is temporarily eliminating case management rules and therefore will not require parties to file case management statements.

Jury fees are due no later than 365 calendar days after the filing of the initial complaint pursuant to CCP 631 ( c) (2).

The filing party shall serve a copy of this notice on all parties.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CNADLC
1/31/14

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Date: 10/05/15

Court Executive Officer/Clerk

by: *[signature]*

LAURA FREELAND, Deputy Clerk